## (September 30, 1976)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY FOSTER, Appellant.—Appeal, by permission, from orders of the County Court of Albany County, entered July 15, 1975 and October 1, 1975, which denied defendant's motion to vacate a judgment of conviction rendered October 23, 1968. On October 21, 1968 defendant pled guilty to two counts of an indictment, each charging the crime of murder. He was sentenced to 15 years to life on each count with the sentences to run concurrently. This court affirmed the judgment of conviction (33 AD2d 813) and leave to appeal to the Court of Appeals was denied. Thereafter defendant moved to set aside the sentence and to vacate the judgment of conviction. Both motions were denied. A member of this court granted leave to appeal. The sole issue raised by defendant on this appeal is the adequacy of the psychiatric examination furnished defendant. The record reveals that prior to a suppression hearing defendant requested an evaluation by a psychiatrist before proceeding. An examination to be conducted by Dr. Osinski was ordered by the court. Trial was thereafter ordered and defendant changed his plea to guilty. It is defendant's contention that section 659 (currently CPL 730.20) of the Code of Criminal Procedure mandated that he be examined by two qualified psychiatrists. Consequently, he maintains he was deprived of a full and impartial determination of his mental capacity to stand trial. He relies heavily on *People v Armlin* (37 NY2d 167). The prosecution contends, on the other hand, that the application was not made pursuant to section 659 but was a request to have defendant examined to determine if there was a reasonable basis to change the plea to not guilty by reason of insanity. A perusal of the minutes of the request for the psychiatric examination together with a reading of sections 658 and 659 compels us to agree with the prosecution's contention. Initially we note that defendant was represented by the public defender, one well versed in handling criminal matters. Significantly, neither he nor the court referred to sections 658 or 659 of the Code of Criminal Procedure. Counsel merely stated that "the interest of justice would best be served if I were given an opportunity to have defendant evaluated by a psychiatrist before we proceed with any further proceedings." He also requested permission to change the plea in the event the evaluation so indicated. It is significant that the law at that time required a

specific plea of insanity. Furthermore, pursuant to section 659 the designation of two psychiatrists was made by the director of community health services and not by the court as done here. Finally, there are no facts in the record to establish a reasonable basis for the court to conclude that the defendant was in a "state of idiocy, imbecility or insanity" as was required by section 658 of the Code of Criminal Procedure. Consequently, *People v Armlin (supra)* does not apply and the trial court properly denied the motion and the orders should be affirmed. In any event, CPL 440.10 (subd 2) is dispositive of the matter. Orders affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.