OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
At the fact-finding hearing in Family Court, appellant’s defense to the charge that he had committed an act which if committed by an adult would constitute the crime of murder in the second degree was justification by way of self-defense (Penal Law, § 35.15, subd 2, par [a]). It was undisputed that the victim, William Kirwan, had initiated an attack on appellant and that appellant had inflicted the stab wounds causing Kirwan’s death.
Appellant offered evidence as to Kirwan’s propensity for violent and aggressive behavior, especially when intoxicated, including proof of specific criminal acts, as to his history of psychiatric problems of drug abuse and intoxication, and as to his history of threats and attacks on other people. Defense counsel contended that the tendered proof would lend credence to defense testimony as to Kirwan’s behavior on the occasion in question. The court ruled that it would allow general reputation evidence to show that Kirwan was quarrelsome or vindictive, testimony as to Kirwan’s behavior toward defendant, and evidence that he was intoxicated or under the influence of drugs at the time of the assault, but would exclude any testimony relative to *1048 Kirwan’s general propensities for violence except to the extent that the latter might bear on appellant’s state of mind. Appellant claims that this was erroneously restrictive.
Only five years ago we were importuned, as we are again in the . present case, at least in part on the basis of less restrictive holdings in other jurisdictions, to discard the rule recognized in People v Rodawald (177 NY 408) and in self-defense cases to admit proof of specific acts of violence committed by the deceased victim for the purpose of showing that he was the aggressor. We then unanimously determined to modify the prior rule of total exclusion only to the extent, however, of holding that a trial court in the exercise of its sound discretion might “permit a defendant in a criminal case, where justification is an issue, to introduce evidence of the victim’s prior specific acts of violence of which the defendant had knowledge, provided that the acts sought to be established are reasonably related to the crime of which the defendant stands charged”, if accompanied by appropriate precautionary instructions (People v Miller, 39 NY 2d 543, 551). We rejected the invitation to abandon the Rodawald rule which the dissenter would now accept. Nothing is now newly advanced by the parties or the dissenter which would warrant enlargement of the modification so recently formulated. Here, in essence, the emphasis on the particular acts of the victim as tending to show a general propensity for violence is a familiar attempt to expand inferences drawn from previous instances of behavior into proof of the actual conduct of the defendant in the circumstances of the particular crime.
On the other issue tendered by appellant it suffices to observe that we find no abuse of discretion as a matter of law in the limitations imposed by the trial court on defense counsel’s cross-examination of Robert Sweeney, the People’s final witness, particularly in view of the failure of defense counsel, when the trial court sustained the general objections of the prosecutor, to specify or clarify the purpose for which the desired cross-examination was sought or the basis on which it was justified.