■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GLOVER, JR., Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Gallagher, J.), dated July 29, 1985, which denied his motion for an order setting aside so much of a sentence of the same court (Brenner, J.), imposed January 6, 1978, as sentenced him to a term of imprisonment of 25 years to life upon his conviction of murder in the second degree.

Ordered that the order is affirmed.

We are not persuaded by the defendant's contention that a mental evaluation in aid of sentence under CPL 390.30 (2) must comply with the procedures for determining whether a defendant is fit to proceed to trial under CPL 730.20, which include, *inter alia,* the appointment of two examining psychiatrists. The fact that the defendant was examined by only one

psychiatrist, particularly since no claim as to his mental health was raised at trial, does not render the sentence illegal or unauthorized *(see, e.g., People v Buchicchio,* 116 AD2d 729; *People v Foster,* 54 AD2d 595).

Also, the court properly denied the defendant's application for youthful offender treatment, since he was convicted of a class A-I felony and had killed an innocent victim with a shotgun during an attempted robbery *(see, People v Drummond,* 40 NY2d 990, *cert denied* 431 US 908; *People v Locke,* 119 AD2d 834; *People v Raphael,* 109 AD2d 899; *People v O'Neill,* 86 AD2d 213).

Finally, based on a reading of the sentencing minutes and presentence investigation reports, we find without merit the defendant's contention that the court relied on inadmissible, erroneous or inadequate information in imposing sentence. To the contrary, the court specifically stated that it was not considering the allegations of involvement in other crimes but was imposing the maximum sentence because of the "callous, heartless, vicious" nature of this crime. Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.