THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v PAUL ROBERTS, Defendant.

County Court, Sullivan County, January 6, 1989

APPEARANCES OF COUNSEL

*Stephen F. Lungen, District Attorney (Bonnie M. Mitzner* of counsel), for plaintiff. *John Ferrara* for defendant.

OPINION OF THE COURT

EUGENE M. HANOFEE, J.

The People move this court by notice of motion for an order amending indictment No. 147-85, pursuant to CPL 200.70, to include the words "by asphyxia by traumatic compression of the neck to include striking and or strangulation". A review of the procedural posture of this criminal proceeding is neces-

sary. The defendant was sentenced in this court on May 29, 1986, based upon his convictions on the charges of manslaughter in the first degree and grand larceny in the second degree. On the 30th day of December 1987, the Supreme Court of the State of New York, Appellate Division, Third Department, reversed this defendant's conviction for manslaughter in the first degree and affirmed his conviction for grand larceny in the second degree (135 AD2d 1026). Thereafter and on October 25, 1988, the New York Court of Appeals affirmed the Appellate Division decision (72 NY2d 489).

CPL 470.55 (1) provides that: "Upon a new trial of an accusatory instrument resulting from an appellate court order reversing a judgment and ordering such new trial, such accusatory instrument is deemed to contain all the counts and to charge all the offenses which it contained and charged at the time the previous trial was commenced, regardless of whether any count was dismissed by the court in the course of such trial". As there have been no previously dismissed counts of this indictment based upon an acquittal, the well-established law in this State applies in that upon a reversal of a judgment of conviction, the defendant is restored to the same position that he had before the trial took place *(People v Porter,* 37 Misc 2d 73 [1962]; *People v Webster,* 59 Hun 398 [1891]).

As such, based upon the appellate court's reversal and the new trial order, this defendant is put in a status quo ante position with respect to this indictment. Accordingly, this court concludes that at this stage of the criminal proceeding, amendment of the indictment is permissible.

In opposition to the People's motion, the defendant maintains that the amendment sought by the People herein changes the theory of the indictment, contrary to the findings of the Grand Jury rendering the same impermissible. This court does not agree. CPL 200.70 permits the amendment of an indictment when it does not change the People's theory of the case. A review of all of the proceedings heretofore had herein demonstrates that this amendment does not, in fact, change the People's theory of the case since evidence was submitted to the Grand Jury to support a finding that the cause of death, asphyxia by traumatic compression of the neck, could have been caused by strangulation. In light of the foregoing, this court finds that no change in theory of the People's case has been presented through the proposed amendment to the instant indictment.

In the Court of Appeals decision as regards this defendant, the court found that the People's presentation of proof at trial, which contradicted the factual allegations in the manslaughter count of the indictment as to the cause of death, violated the constitutional and statutory requirements that an indictment provide fair notice in order to permit the preparation of a defense. As this defendant is now in the position of being retried and further in a position of status quo ante, the amendment procedure is an appropriate remedy and this court finds that the defendant is not prejudiced on the merits as the amendment conforms the language of the indictment to the People's proof, which proof has been consistent throughout all of the proceedings in this matter from the Grand Jury through the appeals process.

Accordingly, for the reasons set forth above, the People's application is, in all respects, granted.