■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL R. ROBERTS, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered April 6, 1989, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

In 1986, defendant was found guilty of first degree manslaughter and second degree grand larceny stemming from the strangulation death of Blanche Mironov. This court reversed the manslaughter conviction in 1987 because, although the indictment was predicated on defendant's striking of Mironov in the neck area with intent to cause serious injury, the prosecution proceeded at trial on a theory that defendant intended to kill Mironov by strangulation (135 AD2d 1026, 1029). The Court of Appeals affirmed in October 1988 (72 NY2d 489) and the People then moved in November 1988 for an order amending the indictment, essentially to include asphyxia by strangulation as a cause of death. County Court granted the motion in 1989 (142 Misc 2d 189) and defendant thereafter pleaded guilty to the amended charge and was sentenced to 9 to 18 years' imprisonment to run concurrently with the term being served on the grand larceny conviction. Defendant now appeals.

We affirm. Defendant argues that the amended indictment would impermissibly allow the People to try defendant on a crime different from that intended by the Grand Jury. We disagree. CPL 200.70 (1) allows amendment to an indictment that "does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury" (see, People v Spann, 56 NY2d 469). The evidence before the Grand Jury demonstrated that the victim died from asphyxia caused by "traumatic compression" of the neck brought about by either compression of the windpipe or arteries or a direct blow to the neck. It is clear, therefore, that the amendment did not constitute a change in the People's theory of the case as presented to the Grand Jury and, accordingly, County Court properly granted the motion. Our conclusion is consistent with this court's earlier reversal of defendant's manslaughter conviction (135 AD2d 1026, supra). There, the prosecution imper-

missibly altered their theory of the case at trial from that charged in the indictment and thereby deprived defendant of sufficient notice thereof. The amendment here, well within the People's theory of the case and the evidence presented to the Grand Jury, would have avoided the very prejudice that defendant originally encountered at trial (see, supra, at 1029).

Judgment affirmed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.