■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP GERACE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered May 31, 1988, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's sole contention on appeal is that he was denied his rights to counsel and confrontation by virtue of the trial court's ruling regarding the cross-examination of prosecution witnesses. We conclude that while the trial court's directive was improper, under the circumstances of this case it did not serve to deprive the defendant of his constitutional rights.

The defendant was jointly tried with Joseph Hogan *(see, People v Hogan,* 172 AD2d 690 [decided herewith]) and Russell Hulsen, each of whom were said to have been part of a group

that participated in the beating death of Richard Ocana. After the prosecutor concluded the direct examination of his first witness, the court advised the defense counsel of its desire to move the trial along quickly and to avoid repetitious cross-examination. Accordingly, the court stated that it would not permit defense counsel to engage in identical cross-examinations of the prosecutor's witnesses, adding: "For instance, the Court is not going to allow each of you to cross-examine the same witness again, again and again on the fact that he has a deal, etcetera. Once it's brought out one time on cross-examination, that is sufficient". The defendant's counsel took exception to the court's ruling.

While it is beyond cavil that the scope and extent of cross-examination lies within the sound discretion of the trial court (see, People v Bolling, 167 AD2d 345), and that the trial court has the power to prevent repetitious questions from being proffered on cross-examination, this authority should be exercised sparingly and at the time the repetitive questions are being propounded. It should not be used to preemptively preclude questioning in particular areas on the theory that those areas will have been explored by co-counsel. Such an anticipatory ruling clearly negatively impacts upon the defendant's right to confront the witnesses against him and upon his right to have cross-examination of the prosecution's witnesses conducted by his own attorney.

However, a close examination of the record in this case discloses that the trial court's directive, in application, did not result in a denial of the defendants' rights. There is not a single instance in the record where any of the three defense counsel was precluded from questioning a witness in a particular area because co-counsel had already explored that area. In fact, the trial court expressly permitted such questioning, and each of the defense counsel, undeterred by the court's earlier directive, continued to ask questions which were often similar and sometimes identical to the questions asked by the other defense counsel. Although the defendant cites to instances where the trial court noted that an area had been previously explored, close scrutiny of the record establishes that, in spite of its prior ruling, the court ultimately permitted questioning by all three attorneys in those areas. While we recognize that "[w]here the right to cross-examine has been significantly curtailed, reversal will be required even without a showing of specific prejudice" (People v Carter, 86 AD2d 451, 458), a fair reading of this record establishes that no such significant curtailment occurred (cf., Alford v United States, 282 US 687;

*United States v Alvarez-Lopez,* 559 F2d 1155; *People v Carter, supra).*

Under the circumstances, while we caution the trial bench to refrain from making preemptive rulings such as the one made in this case, we conclude that on this record the defendant was not deprived of either his right to counsel or his right to confrontation, and that reversal of the judgment of conviction is not warranted. Brown, J. P., Sullivan, Eiber and O'Brien, JJ., concur.