■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HOGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.),

rendered May 31, 1988, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It was alleged by the People that during the early morning hours of July 5, 1985, the defendant and a group of friends entered the Milton Street Park in Brooklyn and beat Richard Ocana to death using sticks, a brick and a jack. One of the group, Francis Lendino, testified at the defendant's trial pursuant to a plea agreement which provided that Lendino would be immune from prosecution for his participation in the crime in return for his truthful testimony at trial.

On appeal, the defendant contends that Lendino's testimony was not sufficiently corroborated by the other prosecution witnesses to connect the defendant with the commission of the crime. This contention is without merit. The record reveals that there were four individuals sitting in the park that night who testified that they observed a group of people enter the park, cause a disturbance, and then leave. One individual, Douglas Mitchell, identified some of the members of the group by name and although he did not know the defendant at the time, he stated that he had seen the defendant before and identified him as one of the perpetrators. Mitchell testified that the members of the group were armed with sticks and other items. He said that he saw the group walk toward the part of the park where the victim was sitting and then heard the sound of benches being broken. He testified that he started to walk toward the area from which the noise was emanating when Lendino approached him and stated, "You better get out of here. They're killing this guy". Later that night, the police found the badly beaten body of the victim in that part of the park from which Mitchell stated that he had heard the commotion. We conclude that this evidence was sufficient to tend to connect the defendant with the commission of the crime *(see,* CPL 60.22), and, therefore, to corroborate accomplice Lendino's testimony.

Additionally, contrary to the defendant's contention, we find that the evidence adduced at trial was legally sufficient to prove that he had the requisite intent to support his conviction for manslaughter in the first degree. Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The People proved that the defendant, with the intent to cause serious physical injury to the victim, caused the death of the victim. The

evidence established that the defendant and his codefendants took turns hitting the victim with sticks and various other items which caused the victim's death.

The defendant's sentence is neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find that they are either unpreserved for appellate review or do not warrant reversal. Brown, J. P., Sullivan, Eiber and O'Brien, JJ., concur.