■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CROSBY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered March 23, 1989, convicting him of assault in the second degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we do not find that the trial court's limitation of defense counsel's cross-examination of the complaining witness deprived the defendant of a fair trial. It is well established that the scope and extent of cross-examination lies within the sound discretion of the trial court *(see, People v Gerace,* 172 AD2d 688). Here, there was no significant curtailment of cross-examination. Counsel was permitted to impeach the credibility of the complainant by eliciting inconsistent testimony from another witness, and then utilizing in summation the inconsistency in the witnesses' accounts of events to attack the complainant's credibility.

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT DESOUSA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Winick, J.), rendered January 18, 1989, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Sullivan, Harwood and Miller, JJ., concur.