■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND QUEVAS, Appellant.—Appeal by the defendant from

a judgment of the Supreme Court, Queens County (Sherman, J.), rendered April 23, 1990, convicting him of sodomy in the first degree (four counts), sexual abuse in the first degree (two counts), sodomy in the third degree (four counts), and endangering the welfare of a child (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the police officer's testimony regarding the complainant's prior identification of the defendant was properly admitted into evidence at the trial *(see, People v Hernandez,* 154 AD2d 197).

Finally, we disagree that the trial court improperly limited the scope of the cross-examination of the complaining witness. It is well settled that the scope of cross-examination rests largely in the sound discretion of the court *(People v Mandel,* 48 NY2d 952, *cert denied* 446 US 949; *People v Holmes,* 138 AD2d 630). The trial court properly exercised its discretion in not allowing counsel to cross-examine the complainant about the alleged acts of an unapprehended accomplice. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.