■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROSEBORO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 15, 1989, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although there were minor inconsistencies in the testimony of the principal prosecution witnesses, it is well settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The court properly amended the indictment to read that the defendant acted in concert "with another" instead of with the codefendant. The amendment neither changed the theory of the People's case nor prejudiced the defendant in his defense (see, People v Cepedes, 130 AD2d 676; People v Johnson, 87 AD2d 829).

Moreover, in view of a defense witness's testimony on direct examination that he had never been arrested, the court properly exercised its discretion in permitting cross-examination of the witness regarding his arrest record (see, People v Crosby, 176 AD2d 266; People v McCullough, 141 AD2d 856, 859).

Photographic identification testimony was elicited by the People upon redirect examination of one of the witnesses. The trial court struck that testimony from the record and gave appropriate curative instructions. Therefore, any error with respect thereto did not deprive the defendant of a fair trial (see, People v Rivera, 142 AD2d 614).

We have considered the defendant's remaining contentions and have found them either to be unpreserved for appellate review or without merit (see, People v Thomas, 50 NY2d 467; People v Williams, 70 NY2d 946). Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.