■ In the Matter of DEVANAND S., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), dated January 23, 1991, which, upon a fact-finding order of the same court, dated November 13, 1990, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudged him to be a juvenile delinquent, and placed him with the

Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated November 13, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court did not improperly restrict his cross-examination of the complainant at the fact-finding hearing. "It is well settled that the scope of cross-examination rests largely in the sound discretion of the court" *(People v Quevas,* 178 AD2d 441, 442; *see, People v Crosby,* 176 AD2d 266). The court in this case merely sustained objections to certain facially improper questions propounded by the appellant's hearing counsel and conducted its own brief questioning of the complainant in order to clarify the witness's previous testimony and to focus the inquiry on relevant issues and time periods *(see generally, Matter of Sean C.,* 124 AD2d 583). Moreover, counsel repeatedly asked questions which were overbroad in form and then failed to appropriately rephrase the queries when so instructed by the court, thus necessitating the sustaining of valid objections to those questions. Additionally, since the appellant's counsel did not take issue with the court's rulings, engage in legal argument, or present an offer of proof, counsel clearly failed "to specify or clarify the purpose for which the desired cross-examination was sought or the basis on which it was justified" *(Matter of Robert S.,* 52 NY2d 1046, 1048). Accordingly, the hearing record does not support the appellant's claim that the Family Court improvidently exercised its discretion in controlling the scope and extent of cross-examination in this case *(see, e.g., Matter of Robert S., supra; People v Quevas, supra; People v Crosby, supra).* Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.