■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CHRISTIE, Appellant. [620 NYS2d 990] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), rendered March 3, 1992, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 1184/91, upon a jury verdict, and imposing sentence, and (2) from an amended judgment of the same court, also rendered March 3, 1992, revoking a sentence of probation previously imposed by the same court (Curci, J.), upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under Indictment No. 10019/88.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contention, the Supreme Court properly amended Indictment No. 1184/91 to read that the defendant and his codefendant not only acted in concert with each other, but that they also acted in concert with others. The amendment neither changed the theory of the People's case nor prejudiced the defendant *(see, People v Guidice,* 83 NY2d 630; *People v McEachin,* 188 AD2d 433; *People v Roseboro,* 182 AD2d 784; *People v Gaskin,* 184 AD2d 525).

We have examined the defendant's remaining contentions, including the issue of whether the defendant's sentence is excessive, and find them to be without merit. Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.