In the Matter of MI-KELL V., a Person Alleged to be a Juvenile Delinquent, Appellant. SULLIVAN COUNTY ATTORNEY'S OFFICE, Respondent. [640 NYS2d 626] —Peters, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered February 10, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On October 27, 1994,[1] petitioner charged respondent with committing acts which, if committed by an adult, would constitute the crimes of assault in the second degree and assault in the third degree (two counts). The charges stem from an October 14, 1994 incident in which respondent, then 15 years old, allegedly approached a 17-year-old acquaintance while he was playing basketball with friends and, thereafter, repeatedly kicked, punched and bit him. As a result thereof, the victim suffered from serious injuries to his face, eyes and knee which required him to receive hospital treatment, undergo extensive knee surgery and receive intensive physical therapy.

Fact-finding hearings were held on December 13, 1994 and December 16, 1994 where the victim, several eyewitnesses, the victim's orthopedic surgeon and respondent testified. At the conclusion thereof, Family Court adjudicated respondent a juvenile delinquent upon its finding that petitioner had established, beyond a reasonable doubt, that respondent committed the crimes of assault in the second degree and assault in the third degree. After a dispositional hearing held in January 1995, respondent was placed in the Division for Youth for a period of one year.

Upon appeal, respondent contends that Family Court improvidently exercised its discretion by restricting the scope of his cross-examination of two key eyewitnesses and the victim's orthopedic surgeon, and further erred in its refusal to redact those portions of his predispositional report which allegedly violated Family Court Act § 375.1.

---

1. Originally, the petition was filed on October 21, 1994. On October 26, 1994, Family Court dismissed this petition for undisclosed reasons and without prejudice. Thus, the petition filed on October 27, 1994 was the second petition filed in this proceeding.

Addressing first respondent's contention of trial error, we note that " '[i]t is well settled that the scope of cross-examination rests largely in the sound discretion of the court' " (*Matter of Devanand S.*, 188 AD2d 533, 534, quoting *People v Quevas*, 178 AD2d 441, 442; *see*, *People v Schwartzman*, 24 NY2d 241, *cert denied* 396 US 846). Upon our review of the testimony elicited and the objections sustained, we find no merit to respondent's contention that Family Court improperly limited the scope of counsel's cross-examination of the two eyewitnesses. We further find the court to have properly sustained objections to the questions posed to the victim's orthopedic surgeon since they demanded a speculative response— whether a prior knee injury *might have* contributed to the knee injury sustained during the incident. While at times counsel failed " 'to specify or clarify the purpose for which the desired cross-examination was sought or the basis on which it was justified' " (*Matter of Devanand S.*, *supra*, at 534, quoting *Matter of Robert S.*, 52 NY2d 1046, 1048), the record conclusively shows that respondent's counsel was consistently given ample opportunity to present relevant evidence and yet chose to rely solely upon respondent's testimony (*People v Williams*, 216 AD2d 201, *lv denied* 86 NY2d 848).

As to the allegedly prejudicial material contained in the pre-dispositional report, we note that Family Court Act § 351.1 (1) requires such report to include "the history of the juvenile" (Family Ct Act § 351.1 [1]).[2] In connection therewith, "[i]t is impermissible for this history to contain references to prior arrests [and court proceedings] that have been terminated in the juvenile's favor—if that information was obtained from records that should have been sealed" (Besharov, 1988 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 351.1, 1996 Pocket Part, at 200; *see*, Besharov, 1989 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 351.1, 1996 Pocket Part, at 200). Here, respondent challenges the inclusion of three notations detailing petitions sought to adjudicate him as a person in need of supervision (hereinafter PINS), as well as two prior juvenile delinquency petitions which indicate no reported disposition as of the date of the report.

2. Family Court Act § 375.1 (1) states in pertinent part: "Upon termination of a delinquency proceeding against a respondent in favor of such respondent * * * the court shall enter an order * * * directing that all official records and papers, including judgments and orders of the court * * * relating to the arrest, the prosecution and the probation service proceedings * * * on file with the court, police agency, probation service and presentment agency be sealed and not made available to any person or public or private agency."

Addressing first the inclusion of prior PINS petitions, we note that such proceedings are commenced pursuant to Family Court Act article 7 (*see,* Family Ct Act § 783), and that the protections accorded under Family Court Act § 375.1 (1) exclusively refer to proceedings commenced pursuant to Family Court Act article 3. Notably, Family Court Act article 7 does not have a similar or parallel provision which directs a court to seal the records of the proceedings. Thus, we find no basis to preclude Family Court from considering prior PINS proceedings when formulating a dispositional order.

As to the inclusion of respondent's prior juvenile delinquency proceedings, which indicated an unreported disposition as of the date of the report, we find the statute to mandate a sealing of such records, and thus to preclude their inclusion in a subsequent predispositional report, *only* when such proceedings are resolved in favor of the respondent (*see,* Family Ct Act § 375.1 [1]; *Matter of Alonzo M. v New York City Dept. of Probation,* 72 NY2d 662). Other than a bald assertion by counsel that these juvenile delinquency proceedings were so resolved, we find that respondent has wholly failed to submit any evidence to support such contention.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.