■ In the Matter of ANIBAL P., a Person Alleged to be a Juvenile Delinquent, Appellant. [651 NYS2d 311] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Segal, J.), dated March 31, 1993, which, upon a fact-finding order of the same court, dated February 25, 1993, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree

and attempted grand larceny in the fourth degree, adjudged him to be a juvenile delinquent and placed him under the supervision of the Probation Department for a period of 12 months. The appeal brings up for review the fact-finding order dated February 25, 1993.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court improperly restricted his cross-examination of the complainant at the fact-finding hearing regarding the complainant's attribution to the appellant of two versions of a statement: "I don't want to hurt you" and "I don't want to have to hurt you". After the complainant testified to the latter statement the objections of the presentment agency to the questions (1) "At what point was that statement made?", (2) "And do you recall what the respondent was doing when he made that statement?" and (3) "And do you recall if he spoke in a normal voice, or was it a whisper?" were sustained on the ground that the questions had been previously asked and answered. Since the defense counsel never specified that he was seeking to question the witness about the disparity in the two versions of the statement, and did not ask questions reflecting an intention to inquire in this regard, the issue of the alleged improper restriction of the cross-examination never arose and, thus, is unpreserved for appellate review (see, People v Johnson, 201 AD2d 384, 384-385; People v Dunbar, 145 AD2d 501).

In any event, the record does not support the assertion that the Family Court improperly curtailed the appellant's cross-examination of the complainant (see, Jones v Berry, 880 F2d 670; Matter of Robert S., 52 NY2d 1046, 1048; Matter of Devanand S., 188 AD2d 533, 534). Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.