■ In the Matter of Tyrell A., a Person Alleged to be a Juvenile Delinquent, Appellant. [671 NYS2d 305] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated March 19, 1997, which, upon a fact-finding order of the same court, dated February 11, 1997, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, attempted robbery in the second degree, robbery in the third degree, attempted robbery in the third degree, grand larceny in the fourth degree, attempted grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree (two counts), adjudged him to be a juvenile delinquent, and placed him with the Division for Youth for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant had committed the acts alleged in the petition (*cf., People v Contes,* 60 NY2d 620). Moreover, the verdict was not against the weight of the evidence. The fact that there were minor inconsistencies between the identification testimony of the complainant as to the height and weight of the appellant and the appellant's actual appearance did not render the identification incredible as a matter of law (*see, Matter of Jonitta C.,* 213 AD2d 248). The hearing court was in the best position to assess the complainant's credibility, as it saw and heard his testimony first hand (*cf., People v Gaimari,* 176 NY 84, 94), and its assessment of the complainant's credibility should not be set aside unless clearly unsupported by the record (*cf., People v Garafolo,* 44 AD2d 86, 88).

Furthermore, contrary to the appellant's contention, the Family Court did not improperly limit the cross-examination of the presentment agency's sole witness. It is well settled that the scope of cross-examination rests largely in the sound discretion of the court (*see, Matter of Devanand S.,* 188 AD2d 533, 534). The defense counsel asked questions which had been previously asked and answered (*cf., People v Gerace,* 172 AD2d 688, 689), and he failed to establish a good-faith basis upon which he could proceed with an exploration into motive to fabricate (*see, People v George,* 197 AD2d 588, 589).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, J. P., Joy, Friedmann and Florio, JJ., concur.