■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN DOLEO, Appellant. [691 NYS2d 389] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered April 8, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees and criminally using drug paraphernalia in the second degree

(three counts), and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, 3 to 6 years, and three terms of 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations, including its rejection of defendant's testimony. There was overwhelming evidence of constructive possession (*see, People v Bundy*, 90 NY2d 918), consisting of defendant's acknowledged residence in the subject apartment for over a week prior to the arrest, his possession of the keys, the presence of his belongings including a beeper, and the presence of drugs and paraphernalia throughout the apartment, including a substantial amount of packaging materials and equipment in open view. There was ample evidence supporting the then-applicable requirement of defendant's knowledge of the weight of drugs possessed, where three times the statutory threshold amount was present, along with several scales for weighing drugs (*see, People v Sanchez*, 86 NY2d 27, 33-34).

The court properly admitted expert testimony concerning the manner in which the various paraphernalia found in the apartment were suitable for use in packaging drugs, as well as the expert's opinion that the apartment in question was being used for the packaging and distribution of drugs, because this evidence was relevant to the issues presented at trial and beyond the knowledge of the average juror, while not constituting an opinion on an ultimate issue of fact (*see, People v Polanco*, 169 AD2d 551, *lv denied* 77 NY2d 965). Concur—Ellerin, P. J., Tom, Lerner, Buckley and Friedman, JJ.