■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY CHIN, Appellant. [771 NYS2d 120]—

Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered February 6, 2001, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to a term of 15 years to life, and otherwise affirmed.

The court properly denied defendant's request to admit into evidence the criminal record of another man who had been suspected of the murder at issue, and who had been previously convicted of an unrelated weapon possession charge three years before the instant crime. The sole purpose for such evidence would be to demonstrate the criminal propensity of this

alternate suspect, and to suggest that he had acted in accordance with such disposition. As such, this evidence was inadmissible notwithstanding that it was offered by a defendant to implicate a third party (*see United States v McCourt*, 925 F2d 1229 [1991], *cert denied* 502 US 837 [1991]). For example, a defendant claiming self-defense may not introduce evidence of the violent propensities of the alleged victim merely to show that the victim was the likely aggressor (*Matter of Robert S.*, 52 NY2d 1046 [1981]; *People v Miller*, 39 NY2d 543 [1976]). Defendant's claim that he was constitutionally entitled to introduce the evidence at issue is unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Gonzalez*, 54 NY2d 729 [1981]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

The record fails to support defendant's assertion that the court admitted into evidence testimony that defendant's "friends" had allegedly identified defendant as the perpetrator. On the contrary, the court sustained defendant's objection and prevented any hearsay, including any implicit accusation of defendant by nontestifying persons, from reaching the jury. The detective was only permitted to testify that she had begun to investigate defendant after defendant's friends brought this cold case to her attention. This was proper background testimony to explain why the police reactivated this investigation many years after it had become dormant (*see People v Tosca*, 98 NY2d 660 [2002]). To the extent that defendant is raising a Confrontation Clause claim, such claim is unpreserved (*People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Maher*, 89 NY2d 456, 462-463 [1997]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see United States v Reyes*, 18 F3d 65, 70-71 [1994]).

Defendant was not deprived of a fair trial by the court's limited examination of a prosecution witness. The court did not take on the "function or appearance of an advocate" (*People v Arnold*, 98 NY2d 63, 67 [2002]), and its questioning clarified an important issue and did not convey to the jury that the court had any opinion on the case. Furthermore, the court gave a suitable curative instruction that prevented any prejudice.

We find the sentence excessive to the extent indicated. Concur—Nardelli, J.P., Ellerin, Williams and Gonzalez, JJ.