■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELINA GOMEZ, Appellant. [792 NYS2d 404]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 15, 2003, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminally using drug paraphernalia in the second degree (two counts), and sentencing her, as a second felony offender, to an aggregate term of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). We see no reason to disturb the jury's credibility determinations, including its rejection of defendant's testimony. The evidence clearly warranted the conclusion that defendant possessed the contraband in question (*see e.g. People v Doleo*, 261 AD2d 194 [1999], *lv denied* 93 NY2d 1017 [1999]).

The court's refusal to specifically instruct the jury that "mere presence" is insufficient to establish guilt does not warrant

reversal (*see People v Slacks*, 90 NY2d 850 [1997]). Although it would have been preferable for the court to have granted defendant's request for such an instruction, the court's charge, viewed as a whole, adequately conveyed the same concept.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Tom, J.P., Mazzarelli, Saxe, Ellerin and Nardelli, JJ.