(January 12, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROODY DORFEUILLE, Appellant. [936 NYS2d 377]—

McCarthy, J.

In an attack on the victim, defendant punched him in the chest, codefendant Darryl Tucker punched the victim in the face and codefendant Jevaughn Francis kicked the victim in the head as he fell. Defendant and Tucker continued to hit the victim while he was on the ground. During the assault, the victim was stabbed eight times. A jury found defendant and Tucker guilty of gang assault in the first and second degrees and assault in the first and second degrees, and found Francis guilty of assault in the second degree.* County Court sentenced defendant to concurrent terms of 12 years in prison followed by five years of postrelease supervision for both gang assault in the first degree and assault in the first degree, seven years followed by five years of postrelease supervision for gang assault in the second degree, and seven years followed by three years of postrelease supervision for assault in the second degree. Defendant appeals.

County Court did not err in constructively amending the indictment. The court merely clarified some inartfully worded portions of the indictment to reflect that the codefendants aided

---

* This Court affirmed Francis's conviction (*People v Francis*, 83 AD3d 1119 [2011], *lv denied* 17 NY3d 806 [2011]).

each other; the original language stated that all three codefendants aided another person, implying that a fourth person may have been involved. Although some grand jury witnesses testified that more than three individuals attacked the victim, the People's theory was always that the three codefendants aided each other. While the People did not make a formal motion to amend and the court did not issue a formal order (see CPL 200.70 [1]), after argument concerning the language of the indictment the court informed the parties that it intended to modify the language when reading the charges to the jury. The amendment slightly altered the facts stated in the indictment, but did not change the People's theory of the case, and defendant was not prejudiced because he could have been convicted of the crimes whether he aided a fourth person or just his codefendants (see CPL 200.70; People v Spratley, 144 AD2d 769, 771 [1988], lv denied 73 NY2d 896 [1989]; see also People v Roberts, 163 AD2d 690, 690 [1990]; compare People v Rivera, 84 NY2d 766, 769 [1995]). Thus, the constructive amendment did not constitute error.

For the reasons stated in our decision resolving Tucker's appeal (People v Tucker, 91 AD3d 1030 [2012] [decided herewith]), we dismiss the counts charging gang assault in the second degree and assault in the second degree, reduce the conviction of gang assault in the first degree to attempted gang assault in the first degree and reduce the conviction of assault in the first degree to attempted assault in the first degree. Because we must remit for County Court to impose sentence on those reduced counts (see CPL 470.20 [4]), defendant's arguments concerning his sentence—including the court's denial of youthful offender status—are academic or can be raised at the resentencing hearing.

Defendant's remaining contentions have been reviewed and are without merit.

Mercure, A.P.J., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by (1) reversing defendant's convictions for gang assault in the second degree under count 5 of the indictment and assault in the second degree under count 7 of the indictment and (2) reducing defendant's convictions for (a) gang assault in the first degree under count 4 of the indictment to attempted gang assault in the first degree and (b) assault in the first degree under count 6 of the indictment to attempted assault in the first degree; counts 5 and 7 dismissed, the sentences imposed on counts 4, 5, 6 and 7 vacated, and matter remitted to the County Court of St.

Lawrence County for resentencing on counts 4 and 6; and, as so modified, affirmed.

