SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**729**

**KA 11-00493**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

JEFFREY D. FINEOUT, DEFENDANT-APPELLANT.

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered February 14, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of marihuana in the second degree, criminally using drug paraphernalia in the second degree (two counts) and perjury in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of marihuana in the second degree (§ 221.25). At the outset, we note our concern with defendant's contention that the People withheld disclosure of a cooperation agreement of one of their witnesses and subsequently countenanced the perjury of that witness with respect to the existence of the cooperation agreement. That contention, however, involves "matters outside the record on appeal and thus may properly be raised by way of a motion pursuant to CPL article 440" (*People v Johnson*, 88 AD3d 1293, 1294; *see People v Ellis*, 73 AD3d 1433, 1434, *lv denied* 15 NY3d 851).

Defendant failed to preserve for our review his contention that County Court erred in admitting certain testimony of several police detectives with respect to their investigation of this case. Defendant failed to object to parts of that testimony he now challenges (*see* CPL 470.05 [2]), and otherwise made only a general objection (*see People v Mobley*, 49 AD3d 1343, 1344, *lv denied* 11 NY3d 791) or premised his objection on a theory not advanced on appeal (*see generally People v Coapman*, 90 AD3d 1681, 1683, *lv denied* 18 NY3d 956; *People v Smith*, 24 AD3d 1253, 1253, *lv denied* 6 NY3d 818). In any event, that contention lacks merit inasmuch as the admission of the testimony did not violate an exclusionary rule (*see People v Alvino*,

71 NY2d 233, 241).

The further contention of defendant that the court erred in failing to submit to the jury the issue whether a certain witness was an accomplice as a matter of law is not preserved for our review (*see People v Blume*, 92 AD3d 1025, 1027; *People v Freeman*, 78 AD3d 1505, 1506, *lv denied* 15 NY3d 952), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, we reject the contention of defendant that he was denied a fair trial based on cumulative error and "the inattention of defense counsel to those errors."  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court