# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**129**

**KA 11-00328**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ANTHONY J. ALLEN, DEFENDANT-APPELLANT.

---

KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered December 10, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), burglary in the second degree (two counts) and robbery in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts each of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), burglary in the second degree (§ 140.25 [1] [b], [c]), and robbery in the first degree (§ 160.15 [1], [3]). The conviction arises out of an incident during which defendant, who resided in a group home for juveniles, killed a staff member at the group home by striking her in the head multiple times with a table leg. Defendant then broke into the staff office of the group home and stole money and car keys, among other items. Defendant, his codefendant, and a third resident of the group home fled in a van belonging to the group home before being apprehended at a bus station.

We reject defendant's contention that County Court erred in failing to suppress his statement to the police. The testimony of the police officer who interviewed defendant following his apprehension, which was consistent with a videotape of the interview, established that defendant was properly advised of his *Miranda* rights and that he voluntarily waived them before giving a statement to the police (*see People v Ninham*, 174 AD2d 1043, 1043-1044).

We reject defendant's further contention that the court erred in constructively amending the indictment to charge that defendant not only acted in concert with a named codefendant, but also that he may

have acted in concert with "others" (*see People v Christie*, 210 AD2d 497, 497; *see also People v Dorfeuille*, 91 AD3d 1023, 1023-1024, *lv denied* 19 NY3d 996; *People v Roseboro*, 182 AD2d 784, 785). Defendant's contention that the amendment changed the theory of the prosecution is erroneous inasmuch as "[w]hether a defendant is charged as a principal or an accomplice to a crime has no bearing on the theory of the prosecution" (*People v Rivera*, 84 NY2d 766, 769; *see People v Duncan*, 46 NY2d 74, 79-80, *rearg denied* 46 NY2d 940, *cert denied* 442 US 910, *rearg dismissed* 56 NY2d 646). Indeed, the amendment merely reflected a variation in the proof that was presented by defendant (*see People v Spann*, 56 NY2d 469, 473).

We reject defendant's further contention concerning the court's refusal to charge criminal trespass in the third degree (Penal Law § 140.10) and petit larceny (§ 155.25) as lesser included offenses of burglary and robbery, respectively. Contrary to defendant's contention with respect to criminal trespass, there is no reasonable view of the evidence to support the theory that defendant broke into the staff office with the intent to retrieve his own money and no one else's, or that he formed an unlawful intent to commit a crime after he entered the office (*see People v Blim*, 63 NY2d 718, 720; *People v Harris*, 50 AD3d 1608, 1608, *lv denied* 10 NY3d 959; *People v Mercado*, 294 AD2d 805, 805, *lv denied* 98 NY2d 731). Contrary to defendant's contention with respect to petit larceny, in light of the overwhelming evidence of a forcible taking, there is no reasonable view of the evidence to warrant such a charge (*see People v Sulli*, 81 AD3d 1309, 1310, *lv denied* 17 NY3d 802; *People v Bowman*, 79 AD3d 1368, 1369-1370, *lv denied* 16 NY3d 828).

We likewise reject defendant's contention that the court erred in failing to instruct the jury on Penal Law § 20.10 inasmuch as there is no evidence to support a finding that defendant's conduct was "necessarily incidental" to the crimes perpetrated (*id.*; *see People v Lee*, 56 AD3d 1250, 1251-1252, *lv denied* 12 NY3d 818). Although we agree with defendant's further contention that it may have been helpful if the court had expressly instructed the jury that "[t]he testimony of one accomplice cannot be used to corroborate the testimony of another" (CJI2d[NY] Accomplice as a Matter of Fact n 5), we conclude that the charge as given adequately conveyed that principle (*see generally People v Gomez*, 16 AD3d 280, 280-281, *lv denied* 5 NY3d 789; *People v Konigsberg*, 137 AD2d 142, 146-147, *lv denied* 72 NY2d 912, *reconsideration denied* 72 NY2d 1046; *People v Watson*, 134 AD2d 871, 871, *lv denied* 71 NY2d 904).

Even assuming that the other juvenile residents who were present at the time of the incidents were accomplices, we conclude that their testimony was adequately corroborated by, inter alia, defendant's admissions to the police (*see People v Burgin*, 40 NY2d 953, 954; *People v Dawson*, 249 AD2d 977, 978, *lv denied* 93 NY2d 872); DNA and blood spatter evidence connecting defendant to the victim and the weapon (*see People v Mitchell*, 68 AD3d 1019, 1019, *lv denied* 14 NY3d 890; *People v Swift*, 241 AD2d 949, 949, *lv denied* 91 NY2d 881, *reconsideration denied* 91 NY2d 1013); evidence that, prior to the

commission of the crimes, defendant asked people in the neighborhood for a baseball bat or a knife "to take care of somebody"; and evidence that defendant, codefendant, and a third resident were apprehended at a bus station and defendant had several hundred dollars on his person (*see generally People v Exum*, 66 AD3d 1336, 1337).

Contrary to defendant's further contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  We reject defendant's contention, improperly raised for the first time in his reply brief (*see generally People v Sponburgh*, 61 AD3d 1415, 1416, *lv denied* 12 NY3d 929), that the testimony of the eyewitnesses was incredible as a matter of law (*see People v Watkins*, 63 AD3d 1656, 1657, *lv denied* 13 NY3d 750; *People v Ptak*, 37 AD3d 1081, 1082, *lv denied* 8 NY3d 949).

The court properly denied defendant's application for youthful offender treatment because defendant's conviction of a class A-I felony rendered him ineligible for youthful offender status (*see* CPL 720.10 [2] [a] [i]; Penal Law § 125.25 [3]; *People v Glover*, 128 AD2d 636, 637, *lv denied* 70 NY2d 711).  Finally, we conclude that the sentence is not unduly harsh or severe in light of the depraved nature of defendant's conduct and his refusal to accept responsibility.

Entered:  March 15, 2013                         Frances E. Cafarell
                                                 Clerk of the Court