# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

411

KA 13-02225

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JEFFREY D. FINEOUT, DEFENDANT-APPELLANT.

---

THE GLENNON LAW FIRM, P.C., ROCHESTER (PETER J. GLENNON OF COUNSEL), FOR DEFENDANT-APPELLANT.

KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Jefferson County Court (Kim H. Martusewicz, J.), dated December 5, 2013. The order denied the motion of defendant pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his CPL article 440 motion to vacate the 2011 judgment convicting him following a jury trial of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of marihuana in the second degree (§ 221.25), and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]). The charges against defendant stemmed from an investigation of various individuals associated with a certain apartment in Watertown (*People v Fineout*, 96 AD3d 1601, *lv denied* 19 NY3d 1025). Defendant contends that, despite finding that the People committed *Brady* violations by failing to disclose that a witness had been offered consideration to induce his testimony against defendant, failing to correct that witness's testimony to the contrary, and compounding the error by emphasizing the misinformation on summation, County Court erred in denying his motion on the ground that such errors were harmless. We reject that contention.

Even assuming, arguendo, that the court's procedural ground for denial of the motion pursuant to CPL 440.10 (3) (a) was unwarranted because defendant was not afforded an adequate opportunity to develop a factual record for appellate review on direct appeal (*see generally People v Wagstaffe*, 120 AD3d 1361, 1363, *lv denied* 25 NY3d 1173), we conclude that, in addressing the merits (*see* CPL 440.30 [2]), the

court properly determined that the *Brady* violations constituted harmless error inasmuch as there is no reasonable possibility that they might have contributed to the verdict (*see People v Pressley*, 91 NY2d 825, 827; *People v Rivera*, 70 AD3d 1484, 1484, *lv denied* 15 NY3d 756).  Here, there was overwhelming evidence that defendant, who was discovered sleeping on the couch in the subject apartment, had constructive possession of the drugs and paraphernalia, i.e., that he exercised dominion and control over the area in which the contraband was found (*see generally People v Farmer*, 136 AD3d 1410, 1411). Indeed, there was evidence that defendant resided at the apartment, had a significant role in facilitating drug activity for one of the individuals under investigation, conducted drug transactions out of the apartment and was arranging a sale on his cell phone just prior to his arrest, and was entrusted to remain alone in the apartment containing large amounts of various drugs, packing materials, and other equipment, much of which was in plain view, as well as a significant amount of money (*see People v Bundy*, 90 NY2d 918, 920; *People v Doleo*, 261 AD2d 194, 195, *lv denied* 93 NY2d 1017; *People v Bernard*, 237 AD2d 210, 210, *lv denied* 90 NY2d 855; *see also People v McLeod*, 281 AD2d 746, 747, *lv denied* 96 NY2d 921).  Inasmuch as the overwhelming evidence of defendant's guilt was established by the testimony of other witnesses, the verdict did not turn solely or even predominately on the testimony of the subject witness (*see People v Johnson*, 107 AD3d 1161, 1166, *lv denied* 21 NY3d 1075; *People v Phillips*, 55 AD3d 1145, 1149, *lv denied* 11 NY3d 899; *People v Tutt*, 305 AD2d 987, 987, *lv denied* 100 NY2d 588).  As the court properly observed, a significant portion of the subject witness's testimony was cumulative and, inasmuch as the relevant issue was defendant's constructive possession rather than whether he had personally brought the drugs into the apartment at some earlier time, we reject defendant's contention that the witness's testimony was critical to the verdict because he was the only individual to "directly link" defendant to the drugs.

Entered:  May 6, 2016                    Frances E. Cafarell
                                         Clerk of the Court