■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE HINES, Appellant. [690 NYS2d 66] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 25, 1996, convicting him of reckless endangerment in the first degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of reckless endangerment and criminal mischief for burning the complainant's clothes and the building in which she lived. The defendant's contention that the court erred in allowing the complainant to testify to prior domestic incidents between him and the complainant is without merit. Evidence of the prior uncharged crimes was properly received to establish the defendant's motive (*see, People v Alvino,* 71 NY2d 233, 241). Any prejudice that may have resulted from the admission of such evidence was outweighed by its probative value (*see, People v Alvino, supra; People v Carver,* 183 AD2d 907).

Viewing trial counsel's conduct in its entirety, the defendant was not deprived of the effective assistance of counsel (*see, People v Benevento,* 91 NY2d 708, 712; *People v Flores,* 84 NY2d 184, 187). The defendant failed to demonstrate the absence of any strategic or legitimate explanation for his counsel's conduct at trial (*see, People v Benevento, supra; People v Satterfield,* 66 NY2d 796, 799), and there is no merit to the claims that his counsel made errors (*see, United States v Crews,* 445 US 463, 474; *People v Tucker,* 55 NY2d 1, 4, 7; *People v Albritton,* 217 AD2d 553, 555). Accordingly, the defendant received meaningful representation (*see, People v Benevento, supra*).

The sentencing court properly considered the defendant's criminal history, which included arrests for which the charges were dismissed (*see, People v Williams,* 195 AD2d 492, 493). The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80, 86-87).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.