■ In the Matter of QILI W., a Person Alleged to be a Juvenile Delinquent, Appellant. [751 NYS2d 399] —In a juvenile delin-

quency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), entered March 8, 2001, which, upon a fact-finding order of the same court, dated December 6, 2000, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would constitute the crimes of menacing in the third degree, unlawful possession of weapons by persons under 16 (two counts), and criminal possession of a weapon in the fourth degree (two counts), adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated December 6, 2000, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Although the denial of the appellant's application for a post-petition adjustment pursuant to Family Court Act § 320.6 (2) on the basis that the presentment agency did not consent to an adjustment, was erroneous, reversal of the order of disposition and dismissal of the petition are not required in the interest of justice, since the appellant was not entitled to a postpetition adjustment. The appellant failed to request such an adjustment at his initial Family Court appearance, and did not establish that the complainant consented to an adjustment (*see* Family Ct Act § 320.6 [2]).

The appellant's contention that the Family Court improperly limited his counsel's cross-examination of the presentment agency's witnesses and the presentation of his defense, at both the suppression and fact-finding hearings, is, for the most part, unpreserved for appellate review (*see Matter of Robert S.,* 52 NY2d 1046, 1048; *Matter of Devanand S.,* 188 AD2d 533, 534). In any event, the appellant's contention is without merit. The Family Court merely sustained objections to certain facially-improper questions propounded by the Law Guardian, and to questions which had been previously asked and answered, or for which no offer of proof had been made (*see Matter of Tyrell A.,* 249 AD2d 467, 468; *Matter of Devanand S., supra*).

The appellant's remaining contention is without merit. Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.