THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE V. RIVERA, Appellant. [788 NYS2d 802]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, Jr., J.), rendered November 12, 2002. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [2]). We reject the contention of defendant that his plea was not knowingly, intelligently and voluntarily entered because he was denied a Spanish-speaking interpreter. Initially, we note that the issue is not preserved for our review, as defendant did not formally ask for an interpreter and, when County Court indicated that it would adjourn the proceedings to obtain an interpreter if defendant desired one, defendant said that he would proceed in English (see CPL 470.05 [2]). Were we to reach the merits of the issue, we would conclude that the court did not err in proceeding without an interpreter. It is without question that a defendant who does not speak English is entitled to the assistance of an interpreter to ensure that he understands the proceedings (see People v Robles, 86 NY2d 763, 765 [1995]). However, there is no need to appoint an interpreter merely because English is not defendant's first language. Only when a defendant exhibits an inability to understand the proceedings or to communicate with counsel must a court inquire whether an interpreter is needed (see People v Ramos, 26 NY2d 272, 275 [1970]). Here, the court did inquire regarding the ability of defendant to speak English, and properly accepted his assurance that he could proceed in English (see People v Torres, 4 AD3d 624, 625 [2004], lv denied 2 NY3d 765 [2004]). The record, including defendant's colloquy with the court during the plea of guilty, adequately demonstrates defendant's command of English.

Defendant also purports to challenge the denial of his CPL 440.10 motion. Because defendant did not obtain leave to appeal from the order denying that motion, the issues raised therein are not properly before us (see CPL 450.15 [1]; 460.15; People v Brown, 277 AD2d 987 [2000], lv denied 96 NY2d 781 [2001]; People v Myles, 251 AD2d 515, 515-516 [1998], lv dismissed 92 NY2d 950 [1998], lv denied 92 NY2d 1052 [1999]). Present— Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.