■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. DALY, Appellant. [799 NYS2d 537]—

Appeal by the defendant from (1) a judgment of the County Court, Nassau County (DeRiggi, J.), rendered January 6, 2003, convicting him of robbery in the first degree (six counts), assault in the first degree (two counts), and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence, and (2), in effect, an amended sentence of the same court, imposed February 4, 2003, sentencing him to concurrent

determinate terms of imprisonment of 15 years upon each conviction of robbery in the first degree under counts 1 through 6 of the indictment, and upon the conviction of assault in the first degree under count 8 of the indictment, to run consecutively to concurrent determinate terms of imprisonment of 15 years upon each conviction of attempted robbery in the first degree under counts 9 and 10 of the indictment, and 20 years upon the conviction of assault in the first degree under count 12 of the indictment, five years' post-release supervision, and restitution in the sum of $9,054.71.

Ordered that the appeal from so much of the judgment as sought review of the sentence is dismissed, as that portion of the judgment was superseded by the amended sentence; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the amended sentence is modified, as a matter of discretion in the interest of justice, by reducing the determinate terms of imprisonment imposed on each count to $12^{1}/_{2}$ years; as so modified, the judgment, as amended, is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Viewing the defense counsel's conduct in its entirety, the defendant was afforded effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). The defense counsel presented a "coherent, cogent defense" (*People v Taylor*, 1 NY3d 174, 176 [2003]).

The defendant's claim that the judge who presided at trial and sentencing should have recused himself because of, inter alia, the judge's alleged hatred for the defense counsel is without merit. Where, as here, no basis for disqualification pursuant to Judiciary Law § 14 was presented, it was up to the conscience and discretion of the judge to decide whether or not to recuse himself (*see People v Hines*, 260 AD2d 646, 647 [1999]; *Berman*

*v Herbert Color Lithographers Corp.*, 222 AD2d 640 [1995]). Based upon the record before us, we conclude that the judge properly declined to recuse himself.

The defendant stands convicted of crimes relating to two separate incidents. The County Court properly provided that the terms of imprisonment imposed for the second incident run consecutively to the terms of imprisonment imposed for the first incident. However, in the exercise of our discretion, we modify the amended sentence to provide that, with respect to each incident, the defendant shall serve concurrent determinate terms of imprisonment of 12½ years for each of the counts relating to that incident, consecutive to the determinate terms of imprisonment imposed for the other incident. This reduces the aggregate of the terms of imprisonment from 35 years to 25 years, which we deem a more appropriate sentence.

The defendant's remaining contentions are without merit. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.