■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUALE ZOLLO, Appellant. [849 NYS2d 665]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Jaeger, J.), rendered January 5, 2007, convicting him of criminal contempt in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly allowed evidence of certain bad acts and uncharged crimes, which were based on violations of a prior order of protection issued in favor of the complainant, since such evidence was directly relevant to the issue of the defendant's intent and motive, and its probative value outweighed its potential for prejudice (*see People v Alvino*, 71 NY2d 233 [1987]; *People v Flores*, 40 AD3d 876 [2007]; *People v Woodson*, 31 AD3d 678 [2006]; *People v Hanson*, 30 AD3d 537 [2006]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant committed the crime of criminal contempt in the first degree with the

requisite criminal intent (*see* Penal Law §§ 215.50, 215.51). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v McDonald,* 287 AD2d 655 [2001]; *People v Suitte,* 90 AD2d 80 [1982]). Fisher, J.P., Santucci, Lifson and Covello, JJ., concur.