Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered October 25, 2010, convicting him of burglary in the first degree, burglary in the second degree, criminal contempt in the second degree, attempted assault in the third degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the law, by vacating the convictions of burglary in the first degree and menacing in the second degree under counts one and five of the indictment, vacating the sentences imposed thereon, and dismissing *793 those counts of the indictment; as so modified, the judgment is affirmed.
The evidence at trial established that the defendant broke through the door of the complainant’s home and punched, “smacked,” and pushed her. During the altercation, he also threatened her with a taser or stun gun. As the People correctly concede, the evidence that the defendant displayed a taser or stun gun was legally insufficient to establish the “dangerous instrument” element of burglary in the first degree and menacing in the second degree (Penal Law §§ 140.30 [3]; 120.14 [1]; see People v Hall, 18 NY3d 122 [2011]; People v Maio Ni, 293 AD2d 552 [2002]). Accordingly, those convictions must be reversed, the sentences imposed thereon vacated, and those counts of the indictment dismissed.
The defendant’s contention that the evidence was not legally sufficient to support his convictions of burglary in the second degree, criminal contempt in the second degree, and attempted assault in the third degree is not preserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish his guilt of those offenses beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The federal constitution “forbids the use of visible shackles . . . , unless that use is justified by an essential state interest . . . specific to the defendant on trial” (Deck v Missouri, 544 US 622, 624 [2005] [internal quotation marks omitted]). Here, the defendant was shackled throughout the trial and black bunting was draped around his table in the courtroom. However, because it appears from the record that similar bunting was not draped around the prosecution’s table, “we cannot conclude . . . that the jury, seeing the bunting around the defense table and not the prosecutor’s, would not have inferred that it was there to hide shackles” (People v Cruz, 17 NY3d 941, 944 [2011]). Since the County Court failed to articulate on the record an adequate justification individualized to the defendant for the shackling, we must determine whether the error in permitting the shackling was harmless (see People v Clyde, 18 NY3d 145, 148 [2011], cert denied 566 US —, 132 S Ct 1921 [2012]; People v Cruz, 17 NY3d 941 [2011]). Applying that analysis, we conclude that the defendant is not entitled to a new trial since *794 the evidence of the defendant’s guilt of burglary in the second degree, criminal contempt in the second degree, and attempted assault in the third degree, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]; People v Glover, 96 AD3d 777, 777-778 [2012]).
Evidence of two prior incidents of domestic violence between the defendant and the complainant was properly admitted as “relevant background material to enable the jury to understand the defendant’s relationship with the complainant and explain the issuance of an order of protection, and as evidence of the defendant’s motive and intent in the commission of the charged crimes” (People v Laverpool, 52 AD3d 622, 622 [2008]; see People v Mendez, 70 AD3d 861 [2010]; People v Hanson, 30 AD3d 537 [2006]; cf. People v Sayers, 64 AD3d 728, 732 [2009]).
Turning to the contentions raised in the defendant’s pro se supplemental brief, we find that the County Court providently exercised its discretion in denying the defendant’s postverdict motion for a substitution of assigned counsel (see People v Martin, 41 AD3d 616, 616 [2007]; see also People v McClam, 60 AD3d 968, 969 [2009]). The defendant’s claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim[ ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]). Mastro, J.E, Austin, Roman and Cohen, JJ., concur.