# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**435**

**KA 13-02108**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

MARLAND D. BROOKS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered October 15, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, and the matter is remitted to Steuben County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]), defendant contends that the Trial Judge should have recused herself. We conclude that defendant waived that contention, inasmuch as the Judge explained her potential conflict of interest and defendant consented to the Judge's continued involvement after discussing the potential conflict with defense counsel (*see People v Hines [Stephen]*, 260 AD2d 646, 647, *lv denied* 93 NY2d 1019). In any event, we conclude on this record that the Judge did not abuse her discretion in failing to recuse herself (*see generally People v Moreno*, 70 NY2d 403, 405-406; *Hines*, 260 AD2d at 647).

We agree with defendant, however, that his plea should be vacated on the ground that it was not voluntarily, knowingly or intelligently entered based on the mistaken understanding of the legally required sentence shared by County Court and counsel. Although defendant failed to preserve his contention for our review (*see People v Darling*, 125 AD3d 1279, 1279), we conclude that the narrow exception to the preservation requirement applies (*see generally People v Lopez*, 71 NY2d 662, 666). Here, it is clear from the face of the record that the prosecutor incorrectly stated that the sentence on the instant conviction must run consecutively to the sentence imposed on an

unrelated conviction, when in fact that was not the case because the instant offense occurred prior to the unrelated conviction (*see generally* Penal Law § 70.25).  It is equally clear that this error was not corrected by defense counsel or the trial court.  Thus, preservation was not required "[i]nasmuch as defendant—due to the inaccurate advice of his counsel and the trial court—did not know during the plea . . . proceedings" that consecutive sentences were not required by law (*People v Williams*, 123 AD3d 1376, 1377).
" '[D]efendant [could] hardly be expected to move to withdraw his plea on a ground of which he ha[d] no knowledge' " (*People v Peque*, 22 NY3d 168, 182, quoting *People v Louree*, 8 NY3d 541, 546).  Even assuming, arguendo, that the narrow exception to the preservation requirement is inapplicable, we would nevertheless exercise our power to address defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

On the merits, we conclude that defendant's plea should be vacated because "[i]t is impossible to have confidence, on a record like this, that defendant had a clear understanding of what he was doing when he entered his plea," based on the prosecutor's erroneous statement that consecutive sentences were required and the failure of the court or defense counsel to correct that error.  We "cannot countenance a conviction that seems to be based on complete confusion by all concerned" (*People v Johnson*, 23 NY3d 973, 975-976; *see People v Worden*, 22 NY3d 982, 985; *People v Williams*, 123 AD3d 240, 243-244).  Where, as here, "the prosecutor, defense counsel and the court all suffered from the same misunderstanding of the [court's sentencing discretion], it would be unreasonable to conclude that defendant understood it" (*Worden*, 22 NY3d at 985).  We therefore reverse the judgment, vacate the plea, and remit the matter to County Court for further proceedings on the indictment.  In light of our determination, we do not reach defendant's remaining contention.

Entered:  May 8, 2015                    Frances E. Cafarell
                                         Clerk of the Court