THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRYSTAL HARRIS, Appellant. [22 NYS3d 62]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered November 4, 2013, convicting her of arson in the second degree, upon a jury verdict and imposing sentence. The appeal brings up for review the denial, after a hearing (D'Emic, J.), of the defendant's motion to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention on appeal, after she was advised of, and waived, her *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), additional warnings were not necessary, as she remained in continuous custody (*see People v Pegues*, 59 AD3d 570 [2009]; *People v Glinsman*, 107 AD2d 710 [1985]). Moreover, there was no evidence that her statements were involuntary (*see People v Bonds*, 118 AD3d 717, 718 [2014]; *People v Glasper*, 160 AD2d 723, 724 [1990]). Accordingly, the hearing court properly denied the defendant's motion to suppress her statements to law enforcement officials.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 150.15). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the justice of the Supreme Court who presided at the trial should have recused himself, sua sponte, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jackson*, 185 AD2d 363 [1992]) and, in any event, is without merit. Where, as here, no basis for disqualification pursuant to Judiciary Law § 14 was presented, it was up to the conscience and discretion of the justice to decide whether or not to recuse himself (*see People v Moreno*, 70 NY2d 403, 405-406 [1987]; *People v Daly*, 20 AD3d 542 [2005]; *People v Hines*, 260 AD2d 646 [1999]). Based upon the record before us, the justice did not err in failing to recuse himself.

Contrary to the defendant's further contention, the Supreme Court properly allowed testimony from a witness concerning a conversation he had with the defendant prior to the fire. This evidence was relevant to show motive and intent (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Martinez*, 53 AD3d 508, 509 [2008]; *People v Jean*, 297 AD2d 821, 822 [2002]), and the court providently exercised its discretion in determining that the probative value of the evidence outweighed the risk of undue prejudice to the defendant (*see People v Alvino*, 71 NY2d at 241-242).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention, that the Supreme Court erred in granting the People's motion to amend the indictment during the trial, is without merit (*see* CPL 200.70 [1]). Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.