# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

291

KA 13-00828

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JOSE GARCIA-CRUZ, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 23, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [3]). We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Jones*, 107 AD3d 1589, 1589, *lv denied* 21 NY3d 1075 [internal quotation marks omitted]; *see People v Amir W.*, 107 AD3d 1639, 1640), and because "there is no basis upon which to conclude that the court ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*Jones*, 107 AD3d at 1590, quoting *People v Lopez*, 6 NY3d 248, 256). We nevertheless reject defendant's challenge to the severity of the sentence.

Defendant contends that he was denied his due process right to an interpreter at some proceedings, requiring reversal of the conviction. Upon our review of the record, we conclude that defendant, who was represented by counsel, failed to preserve his contention for our review because he never objected to the absence of an interpreter (*see People v Robles*, 86 NY2d 763, 764-765; *People v Rivera*, 15 AD3d 859, 860, *lv denied* 4 NY3d 856). In any event, we conclude that there was only one preliminary court appearance during which an interpreter may not have been present, and defendant's presence at that appearance was

not required (*see generally People v Dokes*, 79 NY2d 656, 660).  Thus, any translation for his benefit would have been unnecessary.

By failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that the plea was not voluntarily entered (*see People v Connolly*, 70 AD3d 1510, 1511, *lv denied* 14 NY3d 886).  This case does not fall within the rare exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666) "because nothing in the plea allocution calls into question the voluntariness of the plea or casts 'significant doubt' upon his guilt" (*People v Pitcher*, 126 AD3d 1471, 1472, *lv denied* 25 NY3d 1169, quoting *Lopez*, 71 NY2d at 666).  The statements made by defendant during his presentence interview and at sentencing regarding his possible intoxication during the offense did not require the court to conduct an inquiry regarding the voluntariness of the plea (*see People v Arney*, 120 AD3d 949, 950; *Connolly*, 70 AD3d at 1511; *People v Kelly*, 50 AD3d 921, 921, *lv denied* 10 NY3d 960).  Further, although defendant's contention that the plea should be vacated because the court misstated the minimum period of postrelease supervision during the plea colloquy does not require preservation (*see People v Brooks*, 128 AD3d 1467, 1468), we conclude that the misstatement did not render the plea involuntary (*see People v Garcia*, 92 NY2d 869, 870-871; *cf. Brooks*, 128 AD3d at 1468).

Entered:  April 29, 2016                          Frances E. Cafarell
                                                  Clerk of the Court