# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**911**
**KA 15-01097**
PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

KENNETH LAND, DEFENDANT-APPELLANT.

---

KATHRYN FRIEDMAN, BUFFALO, FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered April 8, 2015. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [2]), defendant contends that County Court erred in accepting his plea of guilty without making further inquiry to ensure that the plea was knowing and voluntary. That contention, which arises out of defendant's assertions to the presentence investigator that he was not involved in the crime and defendant's protestations of the unjustness of his conviction to the court at sentencing, amounts to a challenge to the factual sufficiency of the plea allocution (*see People v Arney*, 120 AD3d 949, 950; *see generally People v Hicks*, 128 AD3d 1358, 1359, *lv denied* 27 NY3d 999). Defendant's challenge is encompassed by the valid waiver of the right to appeal (*see People v McCrea*, 140 AD3d 1655, 1655), and it is not preserved for our review inasmuch as defendant did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Rinker*, 141 AD3d 1177; *see generally People v Lopez*, 71 NY2d 662, 665). This case does not fall within the narrow exception to the preservation requirement articulated in *Lopez* (*see id.* at 666; *People v Brinson*, 130 AD3d 1493, 1493, *lv denied* 26 NY3d 965), but we in any event note that, although not required to do so, the court conducted an inquiry into the validity of the plea based on the statements made by defendant during his presentence interview and at sentencing (*see generally People v Garcia-Cruz*, 138 AD3d 1414, 1415, *lv denied* 28 NY3d 929).

Contrary to defendant's further contention, the sentence is not illegal, and the valid waiver of the right to appeal encompasses the

contention that the sentence is unduly harsh and severe (*see generally People v Lopez*, 6 NY3d 248, 255).

Entered:  November 10, 2016

Frances E. Cafarell
Clerk of the Court