People v Serrano (2018 NY Slip Op 06403)





People v Serrano


2018 NY Slip Op 06403


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1015 KA 16-01561

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID L. SERRANO, DEFENDANT-APPELLANT. 






KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered December 18, 2015. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal contempt in the first degree (Penal Law § 215.51 [c]), defendant contends that Supreme Court erred in admitting evidence concerning defendant's prior violations of the order of protection that he allegedly violated in the underlying crime. We reject that contention. "That testimony was relevant to establish defendant's motive and intent in committing the crime[] charged . . . and to establish that defendant's violation of the order of protection was neither innocent nor inadvertent" (People v Pytlak, 99 AD3d 1242, 1242-1243 [4th Dept 2012], lv denied 20 NY3d 988 [2012]; see People v Zollo, 47 AD3d 958, 958 [2d Dept 2008]). Inasmuch as the defense sought to establish that defendant's presence in the trees behind the complainant's residence had an innocent explanation, the evidence was relevant to refute that defense, and "the court properly determined that the probative value of that testimony outweighed its potential for prejudice" (Pytlak, 99 AD3d at 1243; see People v Rogers, 103 AD3d 1150, 1152-1153 [4th Dept 2013], lv denied 21 NY3d 946 [2013]; Zollo, 47 AD3d at 958).
Defendant failed to preserve for our review his contention that the court erred in failing to give limiting instructions with respect to the above Molineux evidence (see People v Burrell, 120 AD3d 911, 912 [4th Dept 2014]; People v Williams, 107 AD3d 1516, 1516 [4th Dept 2013], lv denied 21 NY3d 1047 [2013]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Although defendant contends that the court erred in permitting the People to introduce evidence of an encounter between defendant and the complainant's boyfriend outside of the complainant's residence earlier on the evening of defendant's arrest, we conclude that defendant waived that contention when he stipulated prior to trial that such evidence was admissible (see e.g. People v Howie, 149 AD3d 1497, 1498 [4th Dept 2017], lv denied 29 NY3d 1128 [2017]; People v Hutchings, 142 AD3d 1292, 1294 [4th Dept 2016], lv denied 28 NY3d 1124 [2016]; People v Santos-Sosa, 233 AD2d 833, 833 [4th Dept 1996], lv denied 89 NY2d 988 [1997]). In any event, we conclude that the evidence was admissible inasmuch as it "completed the narrative of this particular criminal transaction" (People v Alfaro, 19 NY3d 1075, 1076 [2012]).
Finally, viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court