People v Bittrolff (2018 NY Slip Op 06551)





People v Bittrolff


2018 NY Slip Op 06551


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-07136
 (Ind. No. 155/15)

[*1]The People of the State of New York, respondent,
v
Timothy Bittrolff, appellant.


Scott Lockwood, North Babylon, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Andrew A. Crecca, J.), rendered May 2, 2016, convicting him of criminal contempt in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50(5).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643). 
The County Court providently exercised its discretion in permitting the People to elicit evidence of prior incidents of domestic violence by the defendant against the complainant (see People v Molineux, 168 NY 264). "[E]vidence of a defendant's uncharged crimes or prior misconduct is not admissible if it cannot logically be connected to some specific material issue in the case, and tends only to demonstrate the defendant's propensity to commit the crime charged" (People v Cass, 18 NY3d 553, 559; see People v Leonard, 29 NY3d 1, 6; People v Alvino, 71 NY2d 233, 241-242; People v Molineux, 168 NY at 291-293). Even where there is a proper nonpropensity purpose, "the decision whether to admit evidence of defendant's prior bad acts rests upon the trial court's discretionary balancing of probative value and unfair prejudice" (People v Dorm, 12 NY3d 16, 19; see People v Morris, 21 NY3d 588, 595; People v Martinez, 148 AD3d 826, 827). Thus, "[a]dmissibility of evidence under these principles is determined by reference to a two-part inquiry . . . The first level of this inquiry requires the proponent of the evidence, as a threshold matter, to identify some issue, other than mere criminal propensity, to which the evidence is relevant . . . Once such a showing is made, the court must go on to weigh the evidence's probative worth against its potential for mischief to determine whether it should ultimately be placed before the fact finder. This weighing process is discretionary, but the threshold problem of identifying a specific issue, other than propensity, to which the evidence pertains poses a question of law" (People v Hudy, 73 [*2]NY2d 40, 55 [citations omitted], abrogated on other grounds by Carmell v Texas, 529 US 513; see People v Alvino, 71 NY2d at 242).
Contrary to the defendant's contention, the County Court did conduct the requisite "two-part inquiry." The court determined that evidence of the defendant's prior acts of abuse against the complainant were admissible "as relevant background material regarding the defendant's relationship with the complainant, to explain the issuance of a temporary order of protection, and as evidence of the defendant's motive and intent in the commission of the charged crimes" (People v Whitley, 83 AD3d 1107, 1108; see People v Nanand, 137 AD3d 945, 947; People v Morillo, 104 AD3d 792, 794; People v Hanson, 30 AD3d 537, 538). The court then concluded that the probative value of the evidence outweighed any prejudice to the defendant (see People v Reddick, 104 AD3d 708; People v Zollo, 47 AD3d 958). Furthermore, the court gave the jury appropriate limiting instructions, to which defense counsel did not object, as to the limited purpose for which that evidence was received (see People v Townsend, 100 AD3d 1029, 1030; People v Cockett, 95 AD3d 1230, 1231; People v Morris, 82 AD3d 908, 909).
There is no merit to the defendant's contention that certain of the County Court's evidentiary rulings violated his right to present a defense. The Constitution guarantees a criminal defendant a meaningful opportunity to present a complete defense (see People v Powell, 27 NY3d 523, 529-530; People v DiPippo, 27 NY3d 127, 135; People v Robinson, 143 AD3d 744, 746). However, "[t]he right to present a defense does not give criminal defendants carte blanche to circumvent the rules of evidence" (People v Hayes, 17 NY3d 46, 53 [internal quotation marks and brackets omitted]; see People v Jin Cheng Lin, 26 NY3d 701, 727; People v Curran, 139 AD3d 1087, 1089).
Here, the County Court properly sustained objections to questions that had previously been asked and answered (see Matter of Qili W., 298 AD2d 396, 397), and that sought to elicit prior consistent statements by the defendant that were inadmissible hearsay and would have impermissibly bolstered his trial testimony (see People v Rosario, 17 NY3d 501, 513). Additionally, the content of a prior statement that the court erroneously precluded as hearsay was evident from other portions of the defendant's testimony (see People v Borukhova, 89 AD3d 194, 222). Accordingly, we conclude that the erroneous preclusion of direct testimony about the statement did not violate the defendant's right to present his defense. With respect to a summons and domestic incident report containing allegations by the defendant against the complainant, we agree with the court's determination that the documents were inadmissible hearsay.
The defendant's contention that the Trial Judge should have recused himself, sua sponte, because he issued the subject orders of protection against the defendant is unpreserved for appellate review (see CPL 470.05[2]; People v Harris, 133 AD3d 880; People v Doyle, 15 AD3d 674, 675; People v Jackson, 185 AD2d 363). In any event, the defendant's contention is without merit. Where, as here, no basis for disqualification pursuant to Judiciary Law § 14 was presented, it was up to the conscience and discretion of the Judge to decide whether to recuse himself (see People v Moreno, 70 NY2d 403, 405-406; People v Harris, 133 AD3d at 880; People v Daly, 20 AD3d 542, 543; People v Doyle, 15 AD3d 674, 675).
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court