People v Spasoff (2019 NY Slip Op 00315)





People v Spasoff


2019 NY Slip Op 00315


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-11424
 (Ind. No. 15-00356)

[*1]The People of the State of New York, respondent,
v
Carl Spasoff, appellant.


Scott M. Bishop, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered September 14, 2016, convicting him of burglary in the third degree (three counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Bryant, 159 AD3d 715, 716; People v Brown, 122 AD3d 133, 137).
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives the valid waiver of his right to appeal (see People v Bryant, 159 AD3d at 716). However, the defendant failed to preserve this contention for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v McClenic, 155 AD3d 1064, 1064). In any event, the defendant's contention is without merit.
The defendant's contention that the Justice who presided at the plea and sentencing proceedings should have recused himself, sua sponte, is without merit (see Judiciary Law § 14; People v Harris, 133 AD3d 880). Moreover, defense counsel's failure to move for recusal did not constitute ineffective assistance of counsel (see generally People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 146-147).
The defendant's remaining contentions are precluded by the valid waiver of his right to appeal (see People v Hawthorne, 85 AD3d 819; People v Rodriguez, 268 AD2d 491).
MASTRO, J.P., COHEN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court