People v Osbourne (2021 NY Slip Op 01128)





People v Osbourne


2021 NY Slip Op 01128


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Renwick, J.P., Kern, Singh, Shulman, JJ. 


Ind No. 6415/05, 1420N/02 6415/05 1420N/02 Appeal No. 13167-13167A Case No. 2018-04171 

[*1]The People of the State of New York, Respondent,
v
Charles Osbourne, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Claire E. Nielsen of counsel), for respondent.



Judgment, Supreme Court, New York County (Brenda S. Soloff, J. at plea; Ann E. Scherzer, J. at sentencing), rendered June 29, 2018, as amended August 9, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree and sentencing him, as a second felony drug offender, to a term of two to four years, unanimously modified, on the law, to the extent of remanding for resentencing in accordance with this decision, and otherwise affirmed. Judgment, same court (Ellen N. Biben, J. at plea; Ann E. Scherzer, J. at sentencing), rendered June 29, 2018, as amended August 9, 2018, convicting defendant, upon his plea of guilty, of bail jumping in the second degree, and sentencing him, as a second felony offender, to a consecutive term of 1½ to 3 years, unanimously reversed, on the law, the plea vacated and the matter remanded for further proceedings.
Under the circumstances presented here, the fact that defendant received a sentence on his drug case that had become unlawful between his plea and sentencing entitles him to be resentenced, but not to vacatur of the plea. When defendant pleaded guilty in 2002, he was promised a sentence of two to four years, which was a lawful sentence at that time. Defendant absconded, and during the 15 years in which he was at large, the 2009 Drug Law Reform Law replaced the indeterminate sentences required for convictions such as defendant"s with determinate sentences. Because that statute was made applicable to defendants awaiting sentence upon its effective date, defendant should have received a determinate term when he was sentenced in 2017. Defendant is thus entitled to a remand for the imposition of a lawful sentence, but we decline to vacate the plea because the sentence comported with defendant"s legitimate expectations (People v Collier, 22 NY3d 429, 433-434 [2013], cert denied 573 US 908 [2014]).
Defendant"s further challenge to the voluntariness of his plea on the 2002 drug case, based on a statement he made in a Probation Department interview before his 2017 sentencing in which he allegedly negated an element of the crime, is unpreserved (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Rojas, 159 AD3d 468 [1st Dept 2018], lv denied 31 NY3d 1086 [2018]). and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
However, defendant"s plea to the bail jumping charge must be vacated. The court and parties mistakenly believed that the sentence on the bail jumping conviction was required to run consecutively to the sentence on the drug-conviction. As a result, the court misadvised defendant regarding his sentencing exposure in the event of a conviction after trial, which warrants vacatur of the plea (see People v Keller, 168 AD3d 1098, 1099 [2d Dept 2019]; People v Brooks, 128 AD3d 1467, 1468 [4th Dept 2015]).
This determination renders academic defendant"s argument about the DNA [*2]databank fee imposed on the bail jumping conviction. In any event, the parties agree that no such fee should have been imposed, because the bail jumping occurred before the effective date of the statute providing for such a fee.
We have considered and rejected defendant"s remaining claims. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021