People v Szymanski (2023 NY Slip Op 03131)

People v Szymanski

2023 NY Slip Op 03131

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

425 KA 21-01370

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FARON SZYMANSKI, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered March 5, 2021. The judgment convicted defendant upon a plea of guilty of course of sexual conduct against a child in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]). Contrary to defendant's contention, the plea colloquy establishes that he knowingly, voluntarily, and intelligently waived the right to appeal (see People v Mess, 186 AD3d 1069, 1069 [4th Dept 2020]; see generally People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Although defendant's challenge to the voluntariness of his plea survives his valid waiver of the right to appeal (see Thomas, 34 NY3d at 558; People v Seaberg, 74 NY2d 1, 10 [1989]), by failing to move to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve that challenge for our review (see People v Garcia-Cruz, 138 AD3d 1414, 1414-1415 [4th Dept 2016], lv denied 28 NY3d 929 [2016]; see also People v Lopez, 71 NY2d 662, 665 [1988]). This case does not fall within the rare exception to the preservation requirement (see generally Lopez, 71 NY2d at 666). Further, defendant's valid waiver of the right to appeal precludes our review of his challenge to the severity of his sentence (see People v Lopez, 6 NY3d 248, 255 [2006]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court