People v Rodriguez (2023 NY Slip Op 51382(U))

[*1]

People v Rodriguez (Dennis)

2023 NY Slip Op 51382(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, GRETCHEN WALSH, JJ

2021-475 N CR

The People of the State of New York, Respondent,
against
Dennis Rodriguez, Appellant. 

Martin Geoffrey Goldberg, for appellant.
Nassau County District Attorney (Autumn S. Hughes and Monica M. C. Leiter of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Darlene D. Harris, J.), rendered August 16, 2021. The judgment convicted defendant, upon his plea of guilty, of endangering the welfare of a child, and imposed sentence. The appeal brings up for review an order of that court dated February 22, 2021 denying defendant's motion to withdraw his guilty plea.

ORDERED that the judgment of conviction is affirmed.
Defendant, whose native language is Spanish, was charged by misdemeanor complaint with endangering the welfare of a child (Penal Law § 260.10 [1]) and sexual abuse in the third degree (Penal Law § 130.55). At a plea proceeding, defense counsel waived the use of a Spanish interpreter, and defendant, taking part in the colloquy in English, pleaded guilty to endangering the welfare of a child in satisfaction of the accusatory instrument. Prior to sentencing, defendant moved to withdraw his guilty plea upon a claim that the plea was not made knowingly, voluntarily and intelligently because an interpreter should have been present during the plea proceeding. The motion was denied and, thereafter, defendant was sentenced as promised. On appeal, defendant's sole contention is that the motion to withdraw his guilty plea should have been granted.
The question of whether a defendant should be permitted to withdraw his or her guilty plea rests in the sound discretion of the trial court (see CPL 220.60 [3]; 340.20 [1]; People v Baret, 11 NY3d 31, 33 [2008]; People v Tinsley, 35 NY2d 926, 927 [1974]; People v Cedeno, 65 Misc 3d 132[A], 2019 NY Slip Op 51604[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). "It is a well-established precept of due process that non-English speaking defendants in criminal actions are entitled to an interpreter" (People v Rodriguez, 221 AD2d 820, 821 [1995] [citations omitted]). "However, there is no need to appoint an interpreter merely because English is not [*2]defendant's first language" (People v Rivera, 15 AD3d 859, 860 [2005]; see People v Ramos, 26 NY2d 272, 275 [1970]). Here, the court did not err in proceeding without an interpreter (see People v Perez, 95 AD3d 780 [2012]; People v Ramirez, 137 AD2d 770, 770 [1988]; see also People v Dearmas, 48 AD3d 1226, 1227 [2008]). Defense counsel explicitly waived the services of an interpreter after explaining why an interpreter was unnecessary for the proceeding, assuring the court that defendant could read English and that defendant had discussed the case with counsel in English and reviewed the plea conditions in English. In addition, the record of the proceeding adequately demonstrated defendant's command of English. Consequently, the record as a whole demonstrates that defendant's plea was entered into knowingly, voluntarily and intelligently (see People v Sosa, 28 NY3d 965, 966 [2016]; People v Conceicao, 26 NY3d 375 [2015]; People v Cook, 72 Misc 3d 127[A], 2021 NY Slip Op 50586[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]), and, thus, it was not an improvident exercise of discretion for the District Court to deny defendant's motion to withdraw his guilty plea.
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., EMERSON and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023